ANDERSON v HARPER WOODS PUBLIC SCHOOL DISTRICT ·

OPINION OF THE COURT

1. SCHOOLS AND SCHOOL DISTRICTS—STATE TENURE COMMISSION—RE-
    CALL OF LAID-OFF TEACHERS—QUALIFICATIONS OF TEACHERS—
    HEARINGS—STATUTES.

    A decision by a circuit court, on review of a decision of the State
    Tenure Commission, which required a defendant school district
    to conduct hearings prior to recalling teachers who were laid
    off because of a reduction in staff due to economic reasons
    should be reversed for two reasons: (1) the teachers involved
    were not qualified for the positions to which they could have
    been recalled, and (2) there is no provision in the teacher
    tenure act for the hearing that was ordered (MCLA 38.71 *et
    seq.;* MSA 15.1971 *et seq.).*

2. ADMINISTRATIVE LAW—FINDINGS OF FACT—ADMINISTRATIVE AGEN-
    CIES—COURTS—CONSTITUTIONAL LAW.

    Undisputed findings of fact by administrative agencies which are
    judicial or quasi-judicial are binding on trial courts and on the
    Court of Appeals (Const 1963, art 6, § 28).

3. SCHOOLS AND SCHOOL DISTRICTS—TEACHER LAY OFF—RECALL OF
    LAID-OFF TEACHERS—NECESSARY STAFF REDUCTION—JUDGMENT
    OF LOCAL BOARD.

    Termination of a teacher's employment because of a necessary
    staff reduction is not a discharge or demotion requiring a
    hearing; the rehiring of teachers after a layoff because of
    necessary staff reduction is left to the judgment of the local
    school board.

REFERENCES FOR POINTS IN HEADNOTES

[1] 68 Am Jur 2d Schools § 158.
[2] 2 Am Jur 2d, Administrative Law § 434 *et seq.*
[3–5] 68 Am Jur 2d, Schools §§ 158, 167–169.
    Right to dismiss public school teacher on ground that services are
    no longer needed. 100 ALR2d 1141.
[6] 68 Am Jur 2d, Schools §§ 208, 209, 212.
[7] 68 Am Jur 2d, Schools § 204.
[8] 68 Am Jur 2d, Schools §§ 187, 191.

CONCURRENCE BY M. F. CAVANAGH, J.

4. SCHOOLS AND SCHOOL DISTRICTS—RECALL OF LAID-OFF TEACHERS—
   DEMOTION—TEACHER TENURE ACT—STATUTES.

   *Failure to recall a teacher laid off due to necessary staff reductions cannot be deemed a demotion because the term demotion is specifically defined in the teacher tenure act as a reduction in compensation (MCLA 38.74; MSA 15.1974).*

5. SCHOOLS AND SCHOOL DISTRICTS—RECALL OF LAID-OFF TEACHERS—
   TENURE—TEACHER TENURE ACT—STATE TENURE COMMISSION.

   *The failure of a school board to recall a certified tenure teacher, who has been laid off due to a necessary staff reduction, ahead of a nontenured teacher gives the tenured teacher the right to request the local board to comply with the tenure preference section of the teacher tenure act and to recall that teacher ahead of the nontenured teacher, and if an unfavorable decision is forthcoming from the local board, this decision may be appealed to the State Tenure Commission where the tenured teacher would be entitled to a full hearing on the issue of qualifications.*

6. SCHOOLS AND SCHOOL DISTRICTS—RECALL OF LAID-OFF TEACHERS—
   BACK PAY.

   *Reinstatement of a tenured teacher, with back pay, is the remedy where a nontenured teacher is improperly rehired before a tenured teacher following a layoff due to a necessary staff reduction.*

7. ADMINISTRATIVE LAW—STATE TENURE COMMISSION—APPEAL AND
   ERROR—CIRCUIT COURT.

   *Decisions of the State Tenure Commission are appealable to circuit court.*

8. SCHOOLS AND SCHOOL DISTRICTS—RECALL OF LAID-OFF TEACHERS—
   DECISION OF SCHOOL BOARD—QUALIFICATIONS OF TEACHERS—
   WAIVER OF OBJECTION.

   *A school board's decision not to recall certain laid-off teachers because the teachers were not qualified for the positions available should be affirmed where the teachers waived any objections to the board's decision on their qualifications by seeking the wrong remedy.*

Appeal from Wayne, Peter B. Spivak, J. Submitted January 13, 1977, at Detroit. (Docket No. 23313.) Decided March 28, 1977.

Petition to the Teacher Tenure Commission by Helene Anderson and others seeking reinstatement by the Harper Woods Public School District of laid-off teachers. The School District's refusal to reinstate teachers upheld. Petition for review filed in circuit court. Judgment entered reversing in part and affirming in part the commission's decision. The School District appeals by leave granted. Petitioners cross appeal. Reversed and commission's decision ordered reinstated.

*Fieger, Golden & Cousens,* for plaintiffs.

*LaBarge, Zatkoff & Dinning, P. C.,* for defendant.

Before: T. M. BURNS, P. J., and QUINN and M. F. CAVANAGH, JJ.

QUINN, J. Defendant appeals from a circuit court judgment which, on review of a Teacher Tenure Commission decision, required defendant to conduct hearings prior to recalling teachers who were laid off because of reduction in staff due to economic reasons. We reverse for two reasons:

1. The teachers involved, Chester and Glassgold, were not qualified for the positions to which they could have been recalled.

2. There is no provision in the teacher tenure act for the hearing that was ordered.

MCLA 38.105; MSA 15.2005 provides:

"Any teacher on permanent tenure whose services are terminated because of a necessary reduction in personnel shall be appointed to the first vacancy in the school district for which he is certified and qualified."

It is undisputed on the record that both Chester and Glassgold were tenured and certified, but it is also undisputed on the record that neither was

qualified for the positions to which they could have been recalled. The Tenure Commission so found on undisputed testimony and the trial court and this Court are bound by that finding, Const 1963, art 6, § 28. It is apparent that the trial judge ignored this constitutional limitation on his authority when he stated:

"In looking to the teaching certificates of Chester and Glassgold one finds that both seem to be qualified to teach a number of different grades.

"It would seem that the 'lay-off' of these two teachers without a recall based on their qualifications would be equatable to a discharge. Because of the personal nature of this alleged lack of qualification and the possible damage that can be done to the two teachers, Chester and Glassgold should be allowed the same type of hearing given in the case of discharge or demotion under MCLA 38.101 [MSA 15.2001] and 38.104[MSA 15.2004]."

In stating that there is no provision in the teacher tenure act for the hearing that was ordered, we are not unmindful of *Freiberg v Board of Education of Big Bay De Noc School Dist,* 61 Mich App 404; 232 NW2d 718 (1975). That case is totally inapposite to the question involved in this case. Involved here is a hearing before the local school board. In *Freiberg,* the hearing involved was before the Tenure Commission. In *Freiberg,* the issue was whether the Tenure Commission had jurisdiction to hold a hearing involving budgetary matters when the teacher involved claimed that his layoff purportedly because the financial condition of the district required staff reduction was in fact a subterfuge to get rid of him. Here the issue is whether there is any statutory requirement that a local school board hold a hearing on the qualifi-

cations of a teacher before not recalling him from layoff due to necessary staff reduction.

MCLA 38.105 is the last section of article IV of the teacher tenure statute. That article deals with discharge, demotion or retirement and requires the local school board to hold hearings in cases of discharge and demotion. We read MCLA 38.105 as expressing a legislative intent that termination because of necessary staff reduction is not discharge or demotion requiring a hearing. If the Legislature intended otherwise, it would have provided for such a hearing. As it stands, rehiring after layoff because of necessary staff reduction is left to the judgment of the local school board.

Reversed and the decision of the Tenure Commission is reinstated. No costs as a public question is involved.

T. M. BURNS, P. J., concurred.

M. F. CAVANAGH, J. *(concurring).* I concur with the majority's determination that there is no statutory requirement that a local school board hold a hearing on the qualifications of a teacher before not recalling him from layoff due to necessary staff reduction. This determination, however, does not alleviate the confusion caused by MCLA 38.105; MSA 15.2005 which states that a tenured teacher who has been laid off "shall be appointed to the first vacancy in the school district for which he is certified and qualified". It is unfortunate that nowhere does the tenure act define the term "qualified" nor does the act indicate the means by which the statutory preference for tenured teachers is to be implemented. While at first glance it might seem appropriate to consider a failure to recall a "discharge or demotion", requiring a prior board hearing, the statute's hearing procedures

are clearly geared to resolution of "charges" against a teacher, not to determining whether a teacher is qualified. Moreover, if a "passed over" teacher were deemed to be "discharged", presumably that teacher's tenure would terminate as of the discharge, leaving the teacher unable to assert the preference under the statute when a position opened up for which the teacher *would* be qualified. Deeming a failure to recall a "demotion" is barred by the specific definition of "demotion" provided by MCLA 38.74; MSA 15.1974, namely, a reduction in compensation.

It would appear that the lack of limitation on the applicability of MCLA 38.121; MSA 15.2021 would allow it to be utilized to resolve a failure to recall situation. Given the initial fact of a layoff for valid economic reasons and, secondly, a hiring or recall of a nontenured teacher "ahead" of a certified tenure teacher, nothing prevents the tenured teacher from requesting the local board to comply with the "tenure preference" section and to recall him in place of the nontenured replacement. Upon receipt of an adverse ruling from the local board, its decision may be appealed to the Tenure Commission as a "decision of the controlling board". The date of the refusal to recall would operate as the "date of the decision" for purposes of the 30-day appeal period within MCLA 38.121; MSA 15.2021. The teacher would be entitled to a full hearing on the issue of his qualifications before the Tenure Commission. The remedy would be reinstatement with back pay. The Tenure Commission's decision would be appealable to circuit court.

In this case, the teachers did not ask for a hearing before the Tenure Commission on the subject of their qualifications, indeed, they sought

to exclude evidence of qualifications on the ground that it was irrelevant to whether or not the tenure statute required the *board* to furnish a hearing prior to the decision not to recall. By seeking the wrong remedy, they have waived their objections to the board's decision as to their qualifications. A remand to the Tenure Commission is unavailable for the reason that the Commission has already found these teachers not "qualified" based upon the evidence which the board submitted at the first hearing.

It is for these reasons that I concur with the majority opinion for reversal.