HOLTON PUBLIC SCHOOLS v FARMER

OPINION OF THE COURT

1. SCHOOLS AND SCHOOL DISTRICTS—PROBATIONARY TEACHERS—TENURE—NOTICE OF UNSATISFACTORY WORK.

A probationary teacher who has satisfactorily completed the probationary period and who is notified only that he will not be rehired, without notice that his work is unsatisfactory, is entitled to be given tenure.

2. SCHOOLS AND SCHOOL DISTRICTS—STATUTES—PROBATIONARY TEACHERS—NOTICE OF UNSATISFACTORY WORK—ELIMINATION OF POSITION.

The statute which requires notice of unsatisfactory performance to a probationary teacher whom the school board is not going to rehire for the ensuing school year does not suggest an exception to this notice requirement where a teacher's position is to be eliminated (MCLA 38.83; MSA 15.1983).

3. SCHOOLS AND SCHOOL DISTRICTS—TENURED TEACHERS—PROBATIONARY TEACHERS—FAVORED STATUS—PERFORMANCE—STATUTES.

A teacher who has satisfactorily completed probation and acquired tenure must be accorded favored status over nontenured applicants for available positions for which the teacher is certified and qualified; therefore, whether or not a probationary teacher's performance was unsatisfactory is relevant even though the teacher cannot be rehired into a position which no longer exists (MCLA 38.105; MSA 15.2005).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 68 Am Jur 2d, Schools §§ 152, 185–187.
[3] 68 Am Jur 2d, Schools § 169.
[4] 68 Am Jur 2d, Schools §§ 207, 208, 210.
[5] 68 Am Jur 2d, Schools §§ 211, 212.
[6, 11] 68 Am Jur 2d, Schools § 189.
[7] 68 Am Jur 2d, Schools § 208 et seq.
[8] 68 Am Jur 2d, Schools §§ 132–134.
[9] 73 Am Jur 2d, Statutes § 275.
[10] 68 Am Jur 2d, Schools § 132.

4. SCHOOLS AND SCHOOL DISTRICTS—PROBATIONARY TEACHERS—
   TEACHER TENURE COMMISSION—DENIAL OF TENURE—MANDA-
   MUS—STATUTES—COURT RULES.

   A probationary teacher who has been denied tenure by a school
   board is not entitled to appeal to the Teacher Tenure Commis-
   sion; the appropriate remedy is a suit for mandamus in circuit
   court (MCLA 38.121; MSA 15.2021, GCR 1963, 714.1[2]).

5. SCHOOLS AND SCHOOL DISTRICTS—TEACHER TENURE COMMISSION—
   DETERMINATION OF QUALIFICATIONS—REINSTATEMENT OF
   TEACHER.

   A tenured teacher who has been refused consideration for ap-
   pointment to a vacant position has a right of appeal to the
   Teacher Tenure Commission for a determination of whether he
   is certified and qualified for the position; upon a determination
   that the teacher is certified and qualified the commission
   should order reinstatement with back pay.

CONCURRENCE BY M. B. BREIGHNER, J.

6. SCHOOLS AND SCHOOL DISTRICTS—LAID-OFF TEACHER—QUALIFICA-
   TION HEARING.

   *A case in which a school board refused to provide a hearing for a
   teacher who had satisfactorily completed his probationary pe-
   riod but whose position was eliminated, and whom the board
   refused to consider for vacancies, should be remanded to the
   school board for a determination as to the teacher's eligibility
   to fill those vacancies for which he made application.*

7. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS' TENURE ACT—LAID-
   OFF TEACHER—REFUSAL TO REHIRE.

   *A school board should not be free to circumvent the purposes and
   protections of the teachers' tenure act by laying off a tenured
   teacher and then refusing to rehire that teacher, although
   certified and qualified, for a position subsequently made availa-
   ble; such a refusal is tantamount to dismissal and the teacher
   should be afforded the same procedural safeguards as those
   granted a teacher who faces discharge or demotion for cause.*

8. SCHOOLS AND SCHOOL DISTRICTS—CERTIFICATION OF TEACHERS—
   STATUTES—APPOINTMENT TO VACANCIES.

   *The question of whether a teacher is properly certified for pur-
   poses of a statute requiring that certified and qualified tenured
   teachers who have been terminated because of reduction in
   personnel be appointed to the first vacancy is a matter not*

subject to local school board determination (MCLA 38.105; MSA 15.2005).

9. STATUTES—CONSTRUCTION OF STATUTES—REASONABLE CONSTRUCTION—PURPOSE OF STATUTE.

The language of a statute should be given a reasonable construction looking to the purpose of the statute and the object sought to be accomplished, where the language is ambiguous or of doubtful meaning.

10. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS' TENURE ACT—STATUTES—WORDS AND PHRASES—QUALIFIED.

The term "qualified", as used in a section of the teachers' tenure act, should be interpreted to permit a local school board to formally adopt attributes which it considers will minimally qualify an individual to teach in that school district; these criteria should be applied uniformly to all laid-off, tenured teachers in the district seeking to fill vacancies for which they are certified (MCLA 340.569; MSA 15.3569).

11. SCHOOLS AND SCHOOL DISTRICTS—TEACHER TENURE COMMISSION—LAID-OFF TEACHER—QUALIFICATION HEARING.

A local school board, and not the Teacher Tenure Commission, should, as a matter of policy, be required to hold a hearing as to the qualifications of a laid-off, tenured teacher who seeks to fill a vacancy in the school district; the Teacher Tenure Commission should then provide any necessary review of the school board action.

Appeal from Muskegon, Charles A. Larnard, Jr., J. Submitted June 8, 1977, at Grand Rapids. (Docket No. 26407.) Decided September 6, 1977. Leave to appeal applied for.

Petition in circuit court by Holton Public Schools for review of a decision of the Michigan Teacher Tenure Commission finding that William K. Farmer had gained tenure and ordering that Farmer be reinstated as a teacher in the Holton Public Schools. The circuit court reversed the decision of the tenure commission. Farmer appeals by leave granted. Remanded to the school board, which is ordered to accord tenure to Farmer and

to determine his qualifications for another position.

*Street, Stevens, Schuler, Johnson, Hipkiss, Piasecki & Knowlton,* for Holton Public Schools.

*Foster, Swift & Collins, P. C.* (by *Lynwood E. Beekman*), for William K. Farmer.

Before: R. B. Burns, P. J., and D. E. Holbrook and M. B. Breighner,* JJ.

R. B. Burns, P. J. This case presents the issue of whether a probationary teacher who is notified only that his teaching position has been eliminated and that he therefore will not be rehired for the next school year nonetheless acquires tenure. We hold that he does acquire tenure.

Defendant was a probationary teacher employed by plaintiff during the 1970–1971 and 1971–1972 school years to teach vocational agriculture. Defendant was advised March 6, 1972 and April 11, 1972, by the school principal and superintendent respectively, that the vocational agriculture program would be terminated and he would not be rehired for the 1972–1973 school year. Defendant was not informed that his work was unsatisfactory.

Plaintiff sought applicants for four other teaching positions during the summer of 1972. Although defendant was certified to teach all of the subjects and applied for at least one of the positions, he was not offered any of the positions. Defendant was told he was not tenured and either that he was not qualified or not the best qualified for any of the positions. Defendant's request for a hearing before the school board was denied.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant petitioned the Teacher Tenure Commission for relief. Following hearings, the commission held that defendant had acquired tenure and that the school board had violated his rights by denying the requested hearing, and ordered reinstatement with back pay. Plaintiff petitioned circuit court for review, which held that defendant had not acquired tenure and that the school board did not abuse its discretion in refusing to rehire defendant.

Defendant argues on appeal that he was automatically entitled to tenure when the school board failed to inform him that his work was unsatisfactory, and therefore should have been accorded favored status vis-a-vis nontenured applicants for the above mentioned positions. We agree.

MCLA 38.83; MSA 15.1983 provides:

"At least 60 days before the close of each school year the controlling board shall provide the probationary teacher with a definite written statement as to whether or not his work has been satisfactory. Failure to submit a written statement shall be considered as conclusive evidence that the teacher's work is satisfactory. Any probationary teacher or teacher not on continuing contract shall be employed for the ensuing year unless notified in writing at least 60 days before the close of the school year that his services will be discontinued."

The Supreme Court has held that, where a probationary teacher is only notified that he will not be rehired, without being notified that his work was unsatisfactory, he will be entitled to tenure. *Munro v Elk Rapids Schools (On Rehearing),* 385 Mich 618; 189 NW2d 224 (1971). The rationale for this interpretation of the statute is set forth in the dissenting opinion of Justice T. G. KAVANAGH in *Munro v Elk Rapids Schools,* 383

Mich 661, 688–693; 178 NW2d 450, 462–464 (1970), adopted as the opinion of the Court in *Munro v Elk Rapids Schools (On Rehearing), supra.* The purpose of the act is to limit school board power over employment of teachers in order to prevent abusive employment practices, reduce teacher turnover, and improve education by retaining in their positions qualified, capable teachers of demonstrated fitness. When the above statute is read in conjunction with MCLA 38.91; MSA 15.1991, the clear import "is that upon 'satisfactory completion of the probationary period' the teacher is entitled to be given tenure by [the] board". 383 Mich at 692; 178 NW2d at 464.

Plaintiff argues that *Munro* is distinguishable where a teacher is notified that he will not be rehired because his position will be eliminated, since in that instance it is irrelevant whether or not the teacher's performance was satisfactory and because there is no danger that such an employee is being discharged for an improper reason. We must reject this argument for several reasons.

First, the wording of MCLA 38.83; MSA 15.1983 does not suggest an exception to the notice of unsatisfactory performance requirement where a teacher's position will be eliminated.

Second, it is not irrelevant whether or not a teacher's performance was unsatisfactory, even though the teacher cannot be rehired into a position which no longer exists. MCLA 38.105; MSA 15.2005 provides:

"Any teacher on permanent tenure whose services are terminated because of a necessary reduction in personnel shall be appointed to the first vacancy in the school district for which he is certified and qualified."

Thus, the teacher who has satisfactorily completed

probation, acquiring tenure, must be accorded a favored status vis-a-vis nontenured applicants for available positions for which the teacher is certified and qualified.

Third, this interpretation serves the purpose of the act, since it will tend to reduce teacher turnover and insure that qualified teachers of demonstrated fitness will be hired ahead of applicants of untested and speculative ability.

This case has reached us in an erroneous procedural posture. Since the school board denied defendant tenure, he was not a "teacher who has achieved tenure status", and therefore was not entitled to appeal to the Tenure Commission. MCLA 38.121; MSA 15.2021. Instead, the appropriate remedy was a suit for mandamus in circuit court. GCR 714.1(2); *Munro v Elk Rapids Schools,* 383 Mich 661, 689 n 3; 178 NW2d 450, 463 n 3 (1970) (T. G. KAVANAGH, J., dissenting). However, since the circuit court has already reached and decided the merits of the issue, we will issue mandamus without remanding to circuit court for its reconsideration. GCR 1963, 820.1(7). The school board is ordered to accord defendant tenure.

The Tenure Commission's determination that the school board violated defendant's rights by refusing his request for a hearing is erroneous. *Anderson v Harper Woods Public School District,* 74 Mich App 227; 253 NW2d 718 (1977). Where a school board refuses to consider appointment of a tenured teacher to a vacant position, that teacher has a right of appeal to the Tenure Commission for a determination of whether he is certified and qualified for the position. Upon a determination that the teacher is certified and qualified, the commission shall order reinstatement with back pay. *Anderson v Harper Woods Public School Dis-*

*trict, supra,* 74 Mich App at 232; 253 NW2d at 720 (1977) (M. F. Cavanagh, J., concurring). It being undisputed that defendant was certified, we remand to the school board for a determination as to whether defendant was qualified for any of the positions for which he applied.

D. E. Holbrook, J., concurred.

M. B. Breighner, J. *(concurring).* I agree defendant acquired tenure. I would affirm the decision of the Tenure Commission holding the school board should have provided defendant a hearing. I would remand to the school board for a determination under MCLA 38.105; MSA 15.2005 as to defendant's eligibility to fill those vacancies for which he made application.

A school board should not be free to circumvent the purposes and protections of the tenure act by laying off a tenured teacher and then refusing to rehire that teacher, though certified and qualified, for a position subsequently made available. Such a refusal is tantamount to dismissal and may have an equally devastating effect on the teacher. A tenured teacher who has not been offered the "first vacancy in the school district for which he is certified and qualified" should be afforded the same procedural safeguards as those granted a teacher who faces discharge or demotion for cause. MCLA 38.101; MSA 15.2001, MCLA 38.102; MSA 15.2002, MCLA 38.104; MSA 15.2004. *Davis v Board of Education of the School District for the City of River Rouge,* 73 Mich App 358; 251 NW2d 585 (1977).

The term "certified" as used in the statute is clear. The State Board of Education has the power and duty to "determine the requirements for and issue all licenses and certificates for teachers * * *

in the public schools * * * ". MCLA 380.1531;
MSA 15.41531. The requirements to be met before
a teacher will be certified are set forth in detail in
the Teacher Certification Code, 1973 AACS, R
390.1101 *et seq.* Whether a teacher is properly
certified for purposes of MCLA 38.105; MSA
15.2005 is a matter not subject to local board
determination.

The meaning of the term "qualified", as it ap-
pears in the statute, is not so easily ascertained. It
appears from the tenure act that such term calls
for the exercise of some subjective judgment on
the part of local school boards. MCLA 340.569;
MSA 15.3569 sets forth the responsibilities im-
posed upon local boards relative to the hiring of
teaching personnel. In part, it provides:

"The board of every district shall hire and contract
with such duly qualified teachers as may be required.
All contracts with teachers shall be in writing * * * .
No contract with any person shall be valid unless such
person shall hold a legal certificate of qualification at
the time the contractual period shall begin * * * ."

Given the Legislature's use of both "qualified"
and "certified", I do not believe those terms can be
construed as synonymous. "Qualified" must refer
to some standards in addition to those established
for state certification.

Where the language of a statute is ambiguous or
of doubtful meaning, it should be given a reasona-
ble construction, looking to the purpose of the
statute and the object sought to be accomplished.
*Royal Oak School District v Schulman,* 68 Mich
App 589, 593; 243 NW2d 673, 675 (1976).

In my opinion the term "qualified", as it appears
in the statute, should be interpreted to permit a
local school board to formally adopt attributes

which it considers will minimally qualify an individual to teach in that school district. Once adopted, these criteria should be applied uniformly to all laid-off, tenured teachers in the district seeking to fill vacancies for which they are certified. The reasonableness of the criteria, as well as the method of their application, would be subject to review by the State Tenure Commission and ultimately by the courts. This approach has the advantage of maintaining a degree of local control over the schools, while requiring boards to make their rehiring determinations within an established framework using uniform standards.

I am not unmindful of the decision of this Court in *Anderson v Harper Woods Public School District,* 74 Mich App 227; 253 NW2d 718 (1977), reaching a different result on the hearing rights considered herein. As a matter of policy, I would require the school board to hold the hearing as to qualifications. The Tenure Commission should provide review of school board action, and not be cast in the role of holding qualification hearings. The review proposed in *Anderson* would not encourage local boards to formulate and adopt standards for rehiring, would not insure consistency in future board recall decisions and could constitute an abdication of board statutory responsibility to hire "duly qualified teachers". MCLA 340.569; MSA 15.3569.