(573 P.2d 1095)
No. 49,169

In the Matter of the Application of Ira P. Browning, for a Writ of Habeas Corpus.

Opinion filed November 4, 1977.

*Robert L. Taylor,* of the Hutchinson-Reno County Legal Aid Society, for the appellant, Virginia Nichols.

*Charles K. Hyter,* of Branine, Chalfant, Hyter and Hill, of Hutchinson, for the appellee, Ira P. Browning.

Before FOTH, P.J., PARKS and SWINEHART, JJ.

FOTH, J.: This is an appeal from an order adjudging the appellant, Virginia Nichols, guilty of indirect civil contempt of court. The contempt charge grew out of appellant's failure to comply with an order, in a child custody-habeas corpus action, requiring her to deliver custody of her three children to their father.

On January 5, 1977, the trial court found appellant guilty and sentenced her to the Reno county jail until she purged herself. However, it also stayed the sentence imposed to permit her to purge herself by delivering the children at a specified time and place the following day. At oral argument counsel advised this court that the children were so delivered, and are now with their father.

Appellant was not committed for contempt, and it is apparent she never can be. The issues she presents in her appeal are serious, but they are also academic. Her position is virtually identical to that of F. G. Manzanares in *Guerrero v. Capitol Federal Savings & Loan Ass'n,* 197 Kan. 18, 415 P.2d 257. Mr. Manzanares, an attorney, was found guilty of indirect civil contempt for failing to pay over disputed money in his hands. He secured his release by placing the money in a joint control account with the clerk of the Supreme Court. The Court denied his attempted appeal, saying (p. 22):

"He thereby purged himself of any possible contempt. There is nothing left upon which this court's judgment might act. This court in the case of *Carr v. Diamond,* 192 Kan. 377, 388 P.2d 591, said,

" 'Appellate courts do not entertain appeals for such purpose. Reviewing courts do not decide questions which no longer exist merely to make a precedent.' (p. 380.)"

See also, *State v. Conkling,* 54 Kan. 108, 37 Pac. 992.

The appeal is dismissed as moot.