No. 51,430

CITY OF ROELAND PARK, KANSAS, and JACK M. CARPENTER, Mayor, *Appellees,* v. FREDERICK K. CROSS, *Appellant.*

(623 P.2d 1332)

Opinion filed February 28, 1981.

*Kris L. Arnold,* of Roeland Park, argued the cause and was on the brief for the appellant.

*Ronald S. Reuter,* of Shawnee Mission, argued the cause, and *Major C. Slough,* also of Shawnee Mission, was with him on the brief for the appellees.

The opinion of the court was delivered by

McFARLAND, J.: This is a declaratory judgment action wherein the City of Roeland Park and its mayor sought adjudication of the city's right to remove defendant Frederick K. Cross from the position of city attorney. Mr. Cross appeals from the trial court's decision herein.

In the early part of 1979 defendant, in his official capacity as city attorney of Roeland Park, directed a memorandum to the city's municipal judge concerning implementation of a proposed diversionary program. Subsequently, the memorandum was brought to the attention of the news media. The memorandum, and particularly defendant's public utterances in respect thereto, were offensive to Mexican-American area residents. The resulting volatile controversy led the city council to ask defendant to resign. This request was refused. On May 25, 1979, the declaratory judgment action herein was commenced by the city to determine its right to remove the defendant from office. On August 6, 1979, the trial court held *inter alia* that the city could remove defendant for cause and that cause had been shown. Defendant's term of appointment was due to expire on August 15, 1979. On August 8, 1979, the city council met at a special meeting and decided to let defendant serve out his term rather than attempt to remove him. Defendant did so serve out his term and has received all compensation due him for his term of office.

In his appeal defendant challenges the propriety of the legal

conclusions reached by the trial court, as well as certain under-lying findings of fact. The plaintiffs-appellees seek dismissal of the appeal on the ground of mootness. We shall first consider the mootness issue.

The action was brought by the city and its mayor to determine the plaintiffs' right to remove the city attorney in mid-term. The trial court made the requested determination; however, the plaintiffs neither implemented nor proceeded under the trial court's determination. Defendant city attorney was never re-moved from office. The city simply allowed defendant's term of appointment to expire naturally and then appointed a new city attorney.

We have frequently stated it is the duty of the courts to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles which cannot affect the matter in issue before the court. *Randall v. Seemann,* 228 Kan. 395, 398, 613 P.2d 1376 (1980); *Burnett v. Doyen,* 220 Kan. 400, 403, 552 P.2d 928 (1976).

This rule relative to mootness was well stated in *Moyer v. Board of County Commissioners,* 197 Kan. 23, 25, 415 P.2d 261 (1966), as follows:

"This court adheres to the rule that it will not consider and decide questions which if decided would not be applicable to any actual controversy and where the judgment itself would be unavailing. However, appeals will not be dismissed as moot unless it clearly and convincingly appears the actual controversy has ceased and the only judgment which could be entered would be ineffectual for any purpose and an idle act insofar as rights involved in the action are concerned."

See also *Hannon v. Maynard,* 3 Kan. App. 2d 522, 523, 597 P.2d 1125 (1979), wherein the Kansas Court of Appeals held:

"The general rule is that appellate courts do not decide moot questions or render advisory opinions. *In re Browning,* 1 Kan. App. 2d 652, Syl. ¶ 1, 573 P.2d 1095 (1977). The mootness doctrine is one of court policy (*Knowles v. State Board of Education,* 219 Kan. 271, Syl. ¶ 2, 547 P.2d 699 [1976]). This policy recognizes that it is the function of a judicial tribunal to determine real controversies relative to the legal rights of persons and property which are actually involved in the particular case properly brought before it, and to adjudicate those rights in such manner that the determination will be operative, final and conclusive. 1 C.J.S., Actions § 17."

*State, ex rel., v. Engler,* 181 Kan. 1040, 317 P.2d 432 (1957), may be distinguished on its facts, but illustrates the mootness of

the case before us. In *Engler* the defendant sheriff was ousted from office shortly before his term expired. By the time the appeal was heard the sheriff's term had expired and the State argued the appeal was therefore moot. This court held the appeal was not moot on the basis that while any judgment of this court could not restore the former sheriff to office, a determination as to the propriety of the ouster proceeding had a direct bearing on the defendant's right to collect salary between the time of his ouster and the expiration of his term.

In the case before us, defendant served his full term of appointment and was fully compensated therefor. Defendant is no longer city attorney of Roeland Park and that fact is not the result of the trial court's decision herein. For this court now to determine the propriety of the trial court's decision relative to the right of the city to remove the defendant as city attorney would be an idle, ineffectual and unavailing act.

The appeal is dismissed.