FARMER v HOLTON PUBLIC SCHOOLS

Docket No. 52189. Submitted March 6, 1981, at Grand Rapids.—
Decided June 10, 1981.

William K. Farmer was hired by the Holton Public Schools to
teach four courses in vocational agriculture and one in science.
He taught these courses during the 1970-1971 and 1971-1972
school years. In 1972 he received notice that the agricultural
program was being discontinued and that his services would no
longer be needed. He received no notice that his work was
unsatisfactory. Vacancies for the 1972-1973 school year in-
cluded a junior-senior high school science position, a junior
high shop and electronics position, a science position with a
farm background, and a seventh-eighth grade English position.
Farmer was certified to teach all subjects in grades seven and
eight, vocational agriculture and biology in grades nine
through twelve. He asked to be considered for the positions but
was not recalled to any of these vacancies. Rather, the school
district hired probationary teachers to fill them. After the
school district refused to grant him a hearing to determine his
qualifications, Farmer filed a petition with the tenure commis-
sion. Subsequently, the commission held that Farmer had
acquired tenure with the school district, that the school dis-
trict's refusal to grant Farmer a hearing violated the tenure
act, and that Farmer was entitled to be reinstated. The Court
of Appeals upheld the commission's decision that Farmer had
acquired tenure, *Holton Public Schools v Farmer,* 77 Mich App
765 (1977). However, rather than ordering petitioner's rein-
statement, the Court of Appeals remanded the matter to the
school board for a determination as to whether Farmer was
qualified for any of the positions for which he had applied.
Although the school board held no hearing, it determined that
Farmer "was not qualified for any of the positions for which he
applied or in which there were openings for the school year
1972-1973 or for any positions other than teaching agriculture".
Again Farmer appealed to the tenure commission and, in a

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 68 Am Jur 2d, Schools §§ 129, 149.
[2] 2 Am Jur 2d, Administrative Law §§ 545, 546.

decision and order entered in August of 1979, the commission ordered that petitioner be reinstated. The commission concluded "that if a school board wishes to impose qualifications higher than those implied by certification, it is incumbent upon the school board to establish its definition of the term 'qualified' ". The commission found that a reasonable and accurate decision could not be made. by a board unless it had previously promulgated, formalized, and reduced to writing minimum standards as guidelines for determining whether an applicant was qualified. Further, the commission stated that standards should be formalized, at the very least, when the vacancy opens. Because the school district had failed to formulate its standards until after Farmer had applied for the vacancy, the commission found that the board's failure to reinstate petitioner to the first position for which he was certified violated the tenure act and that he was entitled to be reinstated. The school district appealed the tenure commission's decision to the Muskegon Circuit Court, which reversed the commission's decision, finding that it was not supported by competent and material evidence and that it was contrary to law. The court, R. Max Daniels, J., concluded that the tenure commission could not legislate "an affirmative duty upon the school board to reduce their teacher qualifications criteria to writing, and * * * impose it upon them *post facto*". The court stated that, while the tenure commission may have legitimate concerns that school boards will use individualized criteria to circumvent the recall provisions of the tenure act, the present system of review was adequate to disclose any improprieties. Farmer appealed. *Held:*

1. The tenure commission may not impose an affirmative duty on school boards to publish their teacher qualification criteria.

2. The tenure commission, in reviewing a school district's determination that a teacher is not qualified to teach specific courses, may reach the issue of whether the criteria employed in making the determination were arbitrary and unreasonable.

3. Because Farmer had taught one science class, he was admittedly qualified to fill at least two of the vacancies, the junior-senior high science position and the science with farm background position, unless there were substantial differences between the vacant science positions and the science course Farmer taught.

Affirmed in part, reversed in part, and remanded for further proceedings.

1. SCHOOLS — TENURE COMMISSION — TEACHER QUALIFICATIONS.
    The tenure commission may not impose an affirmative duty on
    school boards to publish their teacher qualification criteria.

2. SCHOOLS — TENURE COMMISSION — DECISIONS OF SCHOOL BOARDS —
    QUALIFICATION OF TENURED TEACHER — SCOPE OF REVIEW.
    The tenure commission, in reviewing a determination of a school
    board that a tenured teacher is not qualified for an available
    position, is constrained to apply the criteria for qualification
    used by the school board unless that criteria is either arbitrary,
    unreasonable, or promulgated in bad faith.

*Foster, Swift, Collins & Coey, P.C.* (by *Lynwood E. Beekman*), for petitioner.

*O'Toole, Stevens, Johnson, Knowlton, Potter & Rolf* (by *Harold M. Street,* of counsel), for respondent.

Before: R. B. BURNS, P.J., and T. M. BURNS and CYNAR, JJ.

PER CURIAM. Petitioner appeals as of right a June 2, 1980, judgment entered by the circuit court reversing an August 17, 1979, decision and order of the teacher tenure commission reinstating petitioner as a teacher in the respondent school district.

Petitioner was hired by respondent in September of 1970 to teach four classes in vocational agriculture and one class in science. He did this for both the 1970-1971 and 1971-1972 school years. In March and April of 1972, petitioner was notified that the agriculture program would be discontinued and that his services would no longer be required by respondent. Petitioner received no notification that his work had been unsatisfactory.

Vacancies for the 1972-1973 school year included a junior-senior high school science position, a junior high shop and electronics position, a science

position with a farm background, and a seventh-eighth grade English position. Petitioner was certified to teach all subjects in grades seven and eight, and vocational agriculture and biology in grades nine through twelve. He asked to be considered for the positions but was not recalled to any of these vacancies. Rather, respondent hired probationary teachers to fill them.

After respondent refused to grant petitioner a hearing to determine his qualifications, petitioner filed a petition with the tenure commission. Subsequently, the commission held that petitioner had acquired tenure with the respondent school district, that respondent's refusal to grant petitioner a hearing violated the tenure act, and that petitioner was entitled to be reinstated. This Court upheld the commission's decision that petitioner had acquired tenure in *Holton Public Schools v Farmer,* 77 Mich App 765; 259 NW2d 219 (1977). However, rather than ordering petitioner's reinstatement, this Court remanded the matter to the school board for a determination as to whether petitioner was qualified for any of the positions for which he had applied.

Although the school board held no hearing, in November of 1978, respondent determined that petitioner "was not qualified for any of the positions for which he applied or in which there were openings for the school year 1972-1973 or for any positions other than teaching agriculture".

Again petitioner appealed to the tenure commission and, in a decision and order entered in August of 1979, the commission ordered that petitioner be reinstated. The commission concluded "that if a school board wishes to impose qualifications higher than those implied by certification, it is incumbent upon the school board to establish its definition of the term 'qualified' ". The commission

found that a reasonable and accurate decision could not be made by a board unless it had previously promulgated, formalized, and reduced to writing minimum standards as guidelines for determining whether an applicant was qualified. Further, the commission stated that standards must be formalized, at the very least, when the vacancy opens. Because respondent had failed to formulate its standards until after petitioner had applied for the vacancy, the commission found that the board's failure to reinstate petitioner to the first position for which he was certified violated the tenure act and that petitioner was entitled to be reinstated.

Respondent appealed the tenure commission's decision to the circuit court, which reversed the commission's decision, finding that it was not supported by competent and material evidence and that it was contrary to law. The circuit court concluded that the tenure commission could not legislate "an affirmative duty upon the school board to reduce their teacher qualifications criteria to writing, and * * * impose it upon them *post facto*". The court stated that, while the tenure commission may have legitimate concerns that school boards will use individualized criteria to circumvent the recall provisions of the tenure act, the present system of review was adequate to disclose any improprieties.

We agree with the trial court's conclusion that the tenure commission was overstepped its statutory authority. The Legislature vested the tenure commission with those powers necessary to enforce the provisions of the tenure act. MCL 38.137; MSA 15.2037; *Henderson v Memphis Community School Dist,* 57 Mich App 770; 226 NW2d 725 (1975). The primary question brought before the commission was whether the school board's decision was in

violation of art IV, § 5 of the tenure act, MCL 38.105; MSA 15.2005, which provides:

"Any teacher on permanent tenure whose services are terminated because of a necessary reduction in personnel shall be appointed to the first [1st] vacancy in the school district for which he is certified and qualified."

The present system of review is sufficient to enforce this section of the tenure act and there is no need to place upon a school board an affirmative duty of publishing teacher qualifications, a duty that has not been authorized by statute. Furthermore, petitioner's and the commission's reliance on this Court's decision in *Chester v Harper Woods School Dist,* 87 Mich App 235; 273 NW2d 916 (1978), for the proposition that standards must be reduced to writing prior to receiving applications for teacher vacancies is without foundation. In *Chester,* as here, the school board had not promulgated written minimum standards. If this Court intended to require that the criteria for teacher qualifications be established in the manner suggested by the commission, it was presented with the opportunity to so hold and could have specifically stated so. However, it did not.

The tenure commission should have reached the question of whether the criteria employed by respondent were themselves arbitrary and unreasonable. Although the commission could not supplant the school board's criteria on its own, this was held to be a proper area of inquiry in *Chester.*

The commission did express its concern that the school board could circumvent a tenured teacher's right to be recalled if it were allowed to apply different standards of competency to each individual applicant, and the commission correctly points

out that a tenured teacher in a recall situation is not in competition with probationary teachers. Further, and without question, a school board may not establish standards from the viewpoint of having a more qualified candidate than the tenured teacher for the vacancy.

Had the commission reached this question, it may have found that the criteria employed by respondent in determining whether petitioner was qualified were arbitrary and unreasonable. Included in the reason the board gave for determining that plaintiff was not qualified were opinions of the principal and superintendent that petitioner's classroom performance had been poor. However, we note that prior to petitioner's lay-off the same individuals had stated that petitioner's overall performance was satisfactory. Respondent also listed petitioner's poor academic performance as reflected in his college grades as a reason for not rehiring him to fill one of the vacancies. The consideration of general academic proficiency would seem a proper factor in determining whether petitioner was qualified to teach if not for the fact that respondent had hired petitioner in the 1970-1971 and 1971-1972 school years, thereby implicitly finding that petitioner was qualified on this standard.

Respondent also listed petitioner's lack of experience in teaching any subject other than agriculture as a reason for not rehiring him. However, the record clearly reflects that, although vocational agriculture was petitioner's primary subject, he also taught one basic science course during his employment with respondent. Petitioner's teaching of this science course also persuades us to reject respondent's argument that petitioner is not entitled to be reinstated because of the lapse of time that had expired since he had academic training in

any subject other than agriculture. Petitioner has taught a basic science course and two of the vacancies that arose after his lay-off were science positions. We believe that if respondent, in fact, used these criteria in making the determination that petitioner was not qualified, without regard to whether there were more qualified candidates, it places itself in the untenable position of having employed a teacher for two years in this position for which he was unqualified.

Were it not for the fact that petitioner was employed to teach a science course, we would agree that the board could properly determine that petitioner may have been qualified to teach vocational courses and not courses that were more academically oriented. We conclude, therefore, that, for the purposes of art IV, § 5 of the tenure act, respondent has effectively admitted that petitioner was qualified for at least two of the vacancies arising after his lay-off.

Our conclusion here would not be valid if there were substantial differences between the vacant science positions and the science course that petitioner had taught. We are unable to determine from the record if such differences exist. Therefore, we remand this case to the tenure commission for a hearing to determine whether the ninth grade science course that petitioner taught was substantially similar to either of the vacant positions that arose after he was laid off. To hold otherwise would permit respondent to hire a probationary teacher to a position for which a tenured teacher was admittedly qualified. If the tenure commission finds that the science courses are substantially similar, it should then find that the board has acted arbitrarily and in bad faith.

Because neither the decision of the tenure commission nor that of the trial court was totally

correct, review of the second issue raised by petitioner in this appeal is unnecessary.

Affirmed in part, reversed in part, and remanded to the tenure commission for a hearing and determination consistent with this opinion.