(698 P.2d 388)
No. 56,803

JEROME HEIN, *Plaintiff-Appellee*, v. BOARD OF EDUCATION, UNIFIED SCHOOL DISTRICT NO. 238, SMITH COUNTY, KANSAS, *Defendant-Appellant*.

Opinion filed April 18, 1985.

*Lowell F. Hahn*, of Hahn and Hahn, of Phillipsburg, for appellant.

*David M. Schauner*, of Topeka, for appellee.

Before MEYER, P.J., BRISCOE, J. and CORWIN C. SPENCER, J. Retired, Assigned.

MEYER, J.: This is a declaratory judgment action in a teacher nonrenewal case. The school board appeals from the trial court's order granting summary judgment in favor of plaintiff Jerome Hein, thereby awarding the teacher reinstatement and damages.

At issue in this appeal are the due process provisions of the Teacher Tenure Law, K.S.A. 72-5436 *et seq.* Specifically, under the Teacher Tenure Law, an individual teacher's contract is deemed to continue for succeeding years "unless written notice of termination or nonrenewal is served as provided in this section." K.S.A. 1984 Supp. 72-5437. Under the law as it existed at the time notice of Hein's nonrenewal was sent, such written notice had to be served upon the teacher by April 15th of the year of termination. K.S.A. 72-5437. No contention is made that the notice sent Hein was other than timely served.

The specific procedure for serving a notice of nonrenewal and the content such form must take is outlined in K.S.A. 72-5438:

"Whenever a teacher is given written notice of intention to not renew the teacher's contract as provided in K.S.A. 72-5437, or whenever such a teacher is terminated before the end of his or her contract term, the teacher shall be given a written notice of the proposed nonrenewal or termination including (1) a statement of the reasons for the proposed nonrenewal or termination, and (2) a

statement that the teacher may have the matter heard by a hearing committee, upon written notice filed with the clerk of the board of education or the board of control, or the secretary of the board of trustees within fifteen (15) days from the date of such notice of nonrenewal or termination that he or she desires to be heard and designating therein one hearing committee member."

Did the school board comply with the provisions of K.S.A. 72-5438 when it discharged Hein? An examination of the "notice" sent answers the query. The "notice" sent Hein provided as follows:

"As previously discussed with you on Thursday, April 7, 1983, this motion is taken from the minutes of the regular monthly meeting of the Board of Education of USD-238.

'It was moved and seconded that Mr. Hein be notified that due to staff reduction his position has been eliminated. The new position will be English, Speech, Drama and Creative Writing for next school term. Motion carried 7-0.'

"If you have questions, please feel free to contact me.

Sincerely,<br>
/s/ J. S. Wagner"

This letter does not state specifically that Hein's individual teaching contract was being nonrenewed for the 1983-84 school year and it does not inform him that he has a statutory right to a due process hearing on the board's decision. The school board, by its own admission in its answer to Hein's petition for declaratory judgment, acknowledges its failure to follow the statutory requirements of K.S.A. 72-5438.

Hein makes no contention that the school board acted arbitrarily or capriciously in its decision to nonrenew his contract, and he does not contend that he was disallowed a full and fair hearing as provided by the due process statutes. Instead, Hein argues that the "notice" of April 12, 1983, was deficient and that, therefore, the provision of K.S.A. 1984 Supp. 72-5437 mandating that a contract for the next school year shall continue unless notice is served as provided "in this section" requires the extension of his contract for another year regardless of any subsequent due process hearing. We disagree.

Although strict interpretation of K.S.A. 72-5436 et seq. would require this court to find the noncompliance with K.S.A. 72-5438 required reinstatement of Hein to his teaching position and awarding him damages, we conclude that the subsequent due process hearing renders any issue with regard to the propriety of the notice of hearing moot. In this we note that although Hein

was not specifically told he was nonrenewed and although the April 12th notice did not fully comply with K.S.A. 72-5438, Hein nevertheless, within the statutorily provided 15-day period, on April 25th requested a due process hearing on his nonrenewal. Thus, despite deficient notice, Hein exercised *all rights* he otherwise would have been entitled to had proper notice been given.

It is the duty of our courts "to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles which cannot affect the matter in issue before the court." *City of Roeland Park v. Cross*, 229 Kan. 269, 270, 623 P.2d 1332 (1981). (Citations omitted.) The rule was also summarized in *Hannon v. Maynard*, 3 Kan. App. 2d 522, 523, 597 P.2d 1125 (1979), as follows:

" 'The general rule is that appellate courts do not decide moot questions or render advisory opinions. *In re Browning*, 1 Kan. App. 2d 652, Syl. ¶ 1, 573 P.2d 1095 (1977). The mootness doctrine is one of court policy (*Knowles v. State Board of Education*, 219 Kan. 271, Syl. ¶ 2, 547 P.2d 699 [1976]). This policy recognizes that it is the function of a judicial tribunal to determine real controversies relative to the legal rights of persons and property which are actually involved in the particular case properly brought before it, and to adjudicate those rights in such manner that the determination will be operative, final and conclusive. 1 C.J.S., Actions § 17.' "

We must next address whether Hein's repeated attempts at the due process hearing and before to preserve his right to object to the insufficiency of the notice prevent the subsequent due process hearing from rendering Hein's claim moot. We conclude they do not.

While Hein asserts his appearance at the due process hearing was "special" only, and that he did not waive his rights, we deem it important to set out his letter to the school board as follows:

"Kensington, Kansas 66951
April 25, 1983

Mrs. Lee Clarke, Clerk
USD 238 Board of Education
Kensington, Kansas 66951

Dear Mrs. Clarke,

Please be advised that without waiving any statutory rights, I am, hereby, requesting a due process hearing pursuant to KSA 72-5438.

I hereby name Max Dibble, Kensington, Kansas 66951, as my appointee to the Hearing Committee. Please notify me, my appointee, and my counsel of the name and address of the board's appointee to the Hearing Committee within fifteen (15) days of this letter.

Asher Bob White, 221-A East 8th Street, Hays 67601, will act as my counsel at any hearing. I request a certified shorthand reporter to record and transcribe the hearings.

In closing, I reiterate that this demand for a hearing does not constitute any waiver, nor is it intended to constitute a waiver or any acquiesence of any rights under KSA 72-5436 et seq., and it is my belief that Mr. Wagner's letter of April 12 is wholly and totally defective as a notice of nonrenewal or termination.

Sincerely,
/s/ Jerome Hein
Jerome Hein

CC: J.S. Wagner, Superintendent
Francis Sweat, President USD 238
Asher Bob White"

Although Hein objects to the deficient notice, as can be seen from the above letter and other facts of record, pursuant to that notice, Hein requested a hearing in writing, filed this request with the Clerk of the Board of Education, notified the school board he had selected counsel, designated a hearing committee member, requested his counsel be notified of the other hearing committee member appointed by the school board, and even requested that a certified reporter transcribe the hearing. As previously stated, a hearing was held, and Hein acknowledges he had a fair hearing and an opportunity to present his side of the controversy. In sum, we can find no harm caused by the deficient notice. Hein received all rights he would have been entitled to had proper notice been served.

Moreover, even if the notice sent Hein was defective, his request for a hearing before the school board and his subsequent participation therein constituted a waiver of any deficiencies present in the notice. *Million v. Board of Education*, 181 Kan. 230, Syl. ¶ 4, 310 P.2d 917 (1957).

It has been stated in 68 Am. Jur. 2d, Schools § 187 that "[a] teacher who participates in a hearing for his dismissal waives any defect in the notice of dismissal." The rule has also been stated in 78 C.J.S., Schools and School Districts § 204, p. 1095 as follows: "*Waiver.* Defects in the notice may be waived by the teacher, such as by appearing at, and participating in, the hearing." Accord *White v. South Park Independent School Dist.*, 693

F.2d 1163 (5th Cir. 1982); *Board of Education v. Jewett*, 21 Cal. App. 2d 64, 68 P.2d 404 (1937); *Bd. of Education in Wilm. v. Delaney*, 52 Del. 213, 155 A.2d 51 (1959); *Van Peursem v. Consolidated Ind. Sch. Dist.*, 240 Iowa 1100, 38 N.W.2d 615 (1949). Following the rules just enunciated, we find no merit to Hein's contention that his objection to deficient notice before his participation in the due process hearing preserved his claim.

It is significant to this court that Hein has not demonstrated that the deficient notice has in any way caused him harm. Hein received a full and fair·due process hearing within the statutory time constraints just as if he had been given proper notice. As such, the issue regarding deficient notice is moot, and the decision of the district court must be reversed.

Reversed.