(733 P.2d 1270)

No. 59,262

JEROME HEIN, *Appellee,* v. BOARD OF EDUCATION, UNIFIED SCHOOL DISTRICT NO. 238, Smith County, Kansas, *Appellant.*

Opinion filed March 12, 1987.

*Lowell F. Hahn,* of Hahn and Hahn, of Phillipsburg, for the appellant.

*David M. Schauner* and *Sally H. Rogers,* of Topeka, for the appellee.

Before ABBOTT, C.J., STEVEN P. FLOOD, District Judge, assigned, and MELVIN M. GRADERT, Associate District Judge, assigned.

FLOOD, J.: This is a teacher contract nonrenewal case. The school board appeals from the trial court's order awarding the teacher reinstatement and damages.

Jerome Hein, appellee, is a tenured teacher, certified in English, driver's education, and health and physical education. During the 1982-83 school year he taught English, language arts, and driver's education.

In the spring of 1983, the Board of Education, Unified School District No. 238 (Board), asked Mr. Hein to appear at a school board meeting to discuss his teaching contract. The Board president suggested that the Board was considering the creation of a new position which would be entitled "English, Speech, Drama

and Creative Writing," replacing the former English IV position which had been taught by a retiring teacher. Mr. Hein was asked if he was qualified to teach speech, and he indicated that he was not currently certified to teach a speech course.

In April of 1983, the Board of Education voted not to renew the contract of Jerome Hein. Mr. Hein sought, obtained, and participated in a due process hearing concerning his nonrenewal. In a previous declaratory judgment action, this court held that the original notice of termination was not in compliance with statutory requirements, but that this point was moot in view of the fact that the teacher had been afforded a due process hearing pursuant to his request. See *Hein v. Board of Education, U.S.D. No. 238,* 10 Kan. App. 2d 303, 698 P. 2d 388, *rev. denied* 237 Kan. 886 (1985).

The due process hearing panel unanimously recommended that if Mr. Hein would agree to become certified to teach speech and drama within two years, his teaching contract should be renewed. The Board rejected the finding of the three-member hearing panel and did not renew Mr. Hein's contract. Mr. Hein appealed to the district court of Smith County, Kansas. The district court determined that the Board acted arbitrarily, capriciously, and unreasonably, and ordered the reinstatement of Mr. Hein, together with back pay and interest to the beginning of the 1983-84 school year. The Board appeals.

In its written justification for declining to adopt the due process hearing committee's recommendation to retain Mr. Hein, the Board gave as its reasoning increased operational expenses; lost tax base; decline in enrollment; the teaching efficiency of combining a retiring staff position and Mr. Hein's position into a course of English, speech, and drama; and a savings of $23,000 in one year alone. The Board further indicated that there was no nontenured teacher in these areas who could be released before Mr. Hein, and that Mr. Hein could not become certified in the speech and drama area in less than two or more years. Although the district court took issue with some of these conclusions of the Board, the real basis for the court's decision was that it concluded that the classes taught by Mr. Hein during the 1982-83 school year were to be continued in the following year, with the only difference being a change in name

of one course. The court further concluded the Board had hired, or would hire, a nontenured teacher to replace Mr. Hein to teach the subjects that he taught, thereby attempting to obtain a $6,000 savings by hiring a teacher with less than sixteen years of experience. The court found that these reasons were not in good faith, and that the action of the Board was therefore arbitrary, capricious, and unreasonable.

As the Board correctly points out, at the time the record was made in the due process hearing, the Board had not actually hired anybody to replace Mr. Hein, but simply had plans to do so. It is clear, however, that the Board's plans called for the hiring of a nontenured teacher at a lower salary to replace Mr. Hein in the courses which he taught, with the only change being the modification of English IV to include speech and drama. The English IV course had been taught by the retiring teacher, and although speech and drama were not part of the curriculum requirements, she had taught elements of speech and drama in the English IV class in prior years. Mr. Hein was not certified in speech and drama, but could be provisionally so certified, and become fully certified in two years by taking additional courses, which he offered to do. In effect, the Board redefined Hein's position to include language arts and English for grade seven, eight, nine and twelve, with English IV to include elements of speech and drama. Mr. Hein was certified to teach all of the English positions and, in essence, all of these positions were the same as in past years, with the exception of adding the element of speech and drama to the English IV course. By the elimination of the retiring teacher's position and the combined new position, as well as other anticipated savings, the Board expected to save between $17,000 and $23,000, although it is arguable that only $6,000 of this could be attributable to the proposed replacement of Mr. Hein with a nontenured teacher. The English courses were required courses and Mr. Hein was certified to teach all of the English courses.

In *Gillett v. U.S.D. No. 276*, 227 Kan. 71, 605 P.2d 105 (1980), our Supreme Court determined that a tenured teacher may be nonrenewed only if good cause is shown, including any ground which is put forward by the school board in good faith and which is not arbitrary, irrational, unreasonable, or irrelevant to the

school board's task of building and maintaining an efficient school system. (Syl. ¶ 1.) The decision also notes that the trial court may not substitute its judgment for that of the school board, and is limited to deciding whether the school board acted fraudulently, arbitrarily, or capriciously; the decision was substantially supported by the evidence; and the school board's action was within the scope of its authority. (Syl. ¶ 3.) While noting that a bona fide reduction in staff does constitute good cause for nonrenewal, our Supreme Court went somewhat further in tenure cases in the decision of *Coats v. U.S.D. No. 353*, 233 Kan. 394, 400, 662 P.2d 1279 (1983):

"A mere good faith requirement, however, has the potential of emasculating the Teacher Tenure Law. When probationary teachers are retained while a tenured teacher certified to teach the same subjects is terminated, much of the theoretical protection of the Teacher Tenure Law is lost. This is true regardless of the school board's good faith."

The court went on to hold that the school board must conduct a good faith examination of the competence, interest, and training of all teachers in the area where the reduction of staff is to occur, and where there are tenured and nontenured teachers in the department and all are qualified, the nontenured teachers should be first terminated.

There were, of course, no nontenured teachers who could be terminated ahead of Mr. Hein to fill the newly created position with its new elements as defined by the Board.

We do not have any case in Kansas dealing with the issue of whether a school board acts in good faith when it makes a curriculum change which has the effect of replacing a tenured teacher with a nontenured teacher. Under different tenure statutes, other courts have dealt with this issue. In *Farmer v. Holton Schools*, 138 Mich. App. 99, 359 N.W.2d 532 (1981), it was held that a school board may not establish standards which would allow a candidate other than a qualified, tenured teacher to fill a vacancy, even if a nontenured teacher is more qualified, and specifically held that, with respect to the proposed position changes, the vacancy could not be denied to the tenured teacher unless there were substantial differences between the positions. In *Peters v. Bd. of Education*, 106 Ill. App. 3d 77, 435 N.E.2d 814 (1982), it was held arbitrary and capricious for a school board to

include one course of journalism, which could have been taught by another teacher, in a teacher's position so that she would not be qualified to teach the new position. In *Catron v. Board of Education*, 126 Ill. App. 3d 693, 697, 467 N.E.2d 621 (1984), the court said:

"Incidental reassignment of single courses to established teaching positions to maximize the use of staff and accommodate changes in enrollment, curriculum, and economy may be permissible—although as a result a tenured teacher is dismissed or prohibited from returning from leave—as long as [1] the tenured teacher is . . . not qualified to teach the course comprising the 'position' of less senior teachers, and (2) teaching assignments are not aligned in bad faith to avoid the existence of a 'position' which could be filled by a tenured teacher for whom dismissal was sought."

Here, the Board, in the guise of good faith staff reductions for economic reasons, made one curriculum change consisting of one component of one course in an effort to eliminate a tenured teaching position in favor of a nontenured and lower-salaried person. The change was not one of substance, since elements of speech and drama had been present in the English IV course for some years. The Board made no effort to investigate or accept the teacher's offer to become provisionally certified in the one component area. We think the trial court's conclusion that the Board did not act in good faith, and was therefore arbitrary, capricious, and unreasonable, is the correct legal and factual conclusion to be drawn from the record.

Affirmed.