(769 P.2d 32)

No. 62,173

# In the Matter of the Guardianship of T.D.S. and J.L.S., minors.

Petition for review denied June 6, 1989.

Opinion filed February 10, 1989.

*Ronald C. Newman*, of Mustain & Newman, Chartered, of Kansas City, for the appellants.

*Dianna K. Stapleton*, of Scott & Daily, Chartered, of Kansas City, for the appellee.

Before DAVIS, P.J., ROBERT L. BISHOP, District Judge, assigned, and FLOYD H. COFFMAN, District Judge, assigned.

DAVIS, J.: The paternal grandparents of twin five-year-old girls appeal from the appointment of the maternal great aunt and her husband as guardians of the minor children. About the time the natural mother and father announced that they would file for divorce, the father shot and killed the natural mother and her boyfriend. The father is serving two concurrent life sentences at the Kansas State Penitentiary and is not eligible for parole before his twin daughters reach the age of majority. The paternal grandparents filed a petition for their appointment as guardians and their son, as natural guardian of the children, nominated them in the action as guardians.

The trial court, after a two-day hearing, found that the paternal grandparents and the maternal great aunt and her husband, who had also applied for guardianship, were fit persons to have the custody of the minor girls. The court appointed the maternal great aunt and her husband as guardians based upon its consideration of the "best interests of the children." The paternal grandparents contend that the trial court was required, once it determined that they were fit persons to have the custody of the minor children, to appoint them as guardians because of the statutory priority accorded the nominee of a natural guardian. K.S.A. 1988 Supp. 59-3014(a)(2).

K.S.A. 1988 Supp. 59-3014(a) provides that, in appointing a suitable guardian or conservator for minors, a court shall give priority in the following order: "(1) To the nominee of a minor over the age of 14 years who is not a disabled person; [and] (2) *[t]o the nominee of a natural guardian.*" (Emphasis added.) The question we must resolve is whether the statutory priority accorded the nominee of a natural guardian under 59-3014(a)(2) forecloses consideration of the best interests of the child once the court has determined that the nominee of the natural guardian is a fit person to have the custody of the minor.

The guardian of a minor is entitled to the custody and control of the ward and is responsible for providing the ward's education, support, and maintenance. K.S.A. 1988 Supp. 59-3018(b). Deciding who should be given this responsibility is one of the most important decisions that can be made for the minor during his or her minority. In these circumstances, we believe that the legislature intended the court to consider in every case the best interests of the child.

The "best interests of the child" is a factor implicitly recognized in the very scheme of priorities established by the legislature in the guardianship statutes. K.S.A. 1988 Supp. 59-3014(a)(1) accords priority to the nominee of a minor over the age of fourteen years based upon legislative recognition that the child knows what is in his or her best interests. However, the legislature vests the ultimate responsibility for appointment of a guardian with the court. The appointment process contemplates that the court will give priority to the nominee of the child over the age of fourteen, will consider the suitability of the individual selected by the child, and will make its decision based on both factors as well as the court's consideration of the best interests of the child. We do not believe that the legislature intended to vest ultimate control over the appointment of a guardian for a minor child over the age of fourteen in that minor child.

K.S.A. 1988 Supp. 59-3014(a)(2) accords priority to the natural guardian's nominee based upon a legislative recognition that a natural guardian will consider the best interests of the child in nominating an adult person to care for the minor. However, 59-3014 vests responsibility with the court for the appointment of a guardian for the minor child. In exercising its responsibility for the appointment of a guardian, the court's consideration of

the statutory priority necessarily involves a consideration of what the natural guardian believes is in the best interests of the child as well as what the evidence suggests is in the best interests of the child.

In deciding this case, the trial court properly relied upon *In re Stremel*, 233 Kan. 136, 660 P.2d 952 (1983). While *In re Stremel* differs somewhat from the facts of our case, its holding nevertheless applies:

"In an action pursuant to K.S.A. 59-3001 *et seq.*, for the appointment of a guardian or conservator, or both, of a minor, K.S.A. 59-3014 mandates the priority in selecting the guardian and/or conservator *unless the best interests of the minor dictate otherwise* or unless it is shown that the person nominated is not suitable to serve." (Emphasis added.) 233 Kan. 136, Syl. ¶ 5.

Thus, statutory priorities, the "best interests of the child," and the suitability of the nominated guardian are necessary considerations of the district court in fulfilling its responsibility in appointing a guardian under the provisions of 59-3014.

We hold that *In re Stremel* applies to the appointment of a guardian for a minor under 59-3014 and requires a trial court to consider the priorities established by 59-3014(a)(1), (2); the best interests of the child; and the suitability of the person nominated or proposed to be appointed as guardian.

In this case, the trial court considered all of the above factors. There is substantial competent evidence supporting the trial court's decision that the best interests of the children dictate that they be placed with the maternal great aunt and her husband. Several witnesses testified to their concerns about the laxness of discipline in the paternal grandparents' household. There was testimony critical of the grandparents' experience with raising their own children. The paternal grandparents have three grown sons, all of whom have had alcohol-related problems and two of whom have been convicted of homicides. Problems were noted in arranging visitation with other family members. Witnesses observed animosity between the families of the two parents and expressed concern about the effect of this animosity on the psychological well-being of the twins. Witnesses also testified that the maternal great aunt and her husband appear to be very skilled and caring parents. A child psychiatrist observed a greater enthusiasm for parenting on the part of the maternal great aunt and joined two court services officers in recommending

placement of the twins with the aunt. We find no abuse of discretion in the trial court's ultimate decision.

The paternal grandparents also argue that the trial court erred in not suspending its order appointing the maternal great aunt and her husband as guardians until this appeal could be decided. See K.S.A. 59-2407. Because no decision we might make on this issue could be carried into effect, we conclude that it is moot and we decline to address it. See *City of Roeland Park v. Cross*, 229 Kan. 269, 270, 623 P.2d 1332 (1981).

Affirmed.